JS6

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 8:20−cv−00875−DOC−DFM |
| Plaintiff, | |
| vs. | **FINAL JUDGMENT AGAINST DEFENDANT CLINTON MAURICE TUCKER II [20]** |
| CLINTON MAURICE TUCKER II, an individual, | |
| Defendant. | |

JS6

This matter came before the Court on the Securities and Exchange Commission's ("Commission") Motion for Default Judgment against Defendant Clinton Maurice Tucker II. The Court having considered the Commission's Complaint, the Motion, the supporting Memorandum of Points and Authorities, and the other evidence and argument presented to it, and good cause appearing therefore, grants the Motion and enters this Final Judgment as to Clinton Maurice Tucker II ("Defendant").

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

JS6

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)      to employ any device, scheme, or artifice to defraud;

(b)      to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading;  or

(c)      to engage in any transaction, practice, or course of business which operates or   would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## III.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 15(a)(1) of the Exchange Act [15 U.S.C. § 78o(a)(1)] by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, to effect transactions in, or induce or attempt to induce the purchase or sale of, securities while not registered with the Commission as a broker or dealer or while not associated with an entity registered with the Commission as a broker or dealer.

JS6

1    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as

2  provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also

3  binds the following who receive actual notice of this Judgment by personal service

4  or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys;

5  and (b) other persons in active concert or participation with Defendant or with

6  anyone described in (a).

7                                           **IV.**

8    IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that pursuant

9  to Section 21(d)(5) of the Exchange Act [15 U.S.C. § 78u(d)(5)] Defendant is

10  permanently restrained and enjoined from, directly or indirectly, including, but not

11  limited to, through any entity owned or controlled by Defendant, soliciting any

12  person or entity to purchase or sell any security.

13    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as

14  provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also

15  binds the following who receive actual notice of this Judgment by personal service

16  or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys;

17  and (b) other persons in active concert or participation with Defendant or with

18  anyone described in (a).

19                                           **V.**

20    It Is HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that

21  Defendant is liable for disgorgement of $758,169.32, representing profits gained as

22  a result of the conduct alleged in the Complaint, together with prejudgment interest

23  thereon in the amount of $36,017.83, for a total of $794,187.15, and a civil penalty

24  in the amount of $758,169.32 pursuant to 15 U.S.C. §§77t(D)(2)(c) and

25  87u(d)(3)(b)(iii). Defendant shall satisfy this obligation by paying $1,552,356.47 to

26  the Securities and Exchange Commission within 30 days after entry of this Final

27  Judgment.

28    Defendant may transmit payment electronically to the Commission, which

will provide detailed ACH transfer/Fedwire instructions upon request.   Payment

4

JS6

may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

>Enterprise Services Center
>
>Accounts Receivable Branch
>
>6500 South MacArthur Boulevard
>
>Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Clinton Maurice Tucker II as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 30 days following entry of this Final Judgment.  Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.  The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval.  Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  The Court shall retain jurisdiction over the administration of any distribution of the Fund.  If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final

JS6

Judgment to the United States Treasury.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes.  To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset").  If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs.  Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment.  For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.


Dated: November 16, 2020

_David O. Carter_
HONORABLE DAVID O. CARTER
UNITED STATES DISTRICT JUDGE


CC:  FISCAL